UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------X
CATRIN BECK-GLASGOW,                    Civil No:

                  Plaintiff,      **COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

  -against-                                **DEMAND FOR JURY TRIAL**

SANTANDER CONSUMER USA, INC.,

                  Defendant.
-------------------------------------------------------------X

    Plaintiff CATRIN BECK-GLASGOW ("Plaintiff"), by and through her attorneys, Marcus & Zelman, LLC, as and for her Complaint against the Defendant SANTANDER CONSUMER USA, INC. (hereinafter referred to as "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

## PARTIES

2. Plaintiff is a resident of the State of New Jersey, County of Essex, residing in West Orange, New Jersey.

3. Defendant SANTANDER CONSUMER USA, INC. ("Santander") is a corporation incorporated under the laws of the State of Illinois, with its principal place of business located in Dallas, Texas.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 USC §1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FIRST CAUSE OF ACTION
*(Santander's Violations of the TCPA)*

6. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "5" herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to the Santander Defendant, Santander began its campaign of communicating with the Plaintiff via the use of an automated telephone dialing system and prerecorded messages throughout the past four years by calling her cell phone number of (201)396-6750 numerous times.

8. Plaintiff is the sole subscriber of the T-Mobile account bearing the phone number of (201)396-6750, and has been the sole subscriber of that account at all times relevant hereto.

9. Plaintiff is the sole party financially responsible for the payment of the T-Mobile account bearing the phone number of (201)396-6750, and has been the sole party financially responsible for that account at all times relevant hereto.

10. Plaintiff is the customary and sole user of the cellular phone number (201)396-6750, and has been the customary and sole user of that phone number at all times relevant hereto.

11. The Defendant called from numerous phone numbers, including but not limited to 610-208-5190 and 800-207-8767, all of which numbers belongs to Defendant.

12. Plaintiff confirmed these phone numbers as belonging to the Defendant by calling each of the phone numbers and being greeted by a female computerized voice stating:

"Welcome to Santander".

13. Defendant specifically called the Plaintiff's cellular phone over fifty times in the month of September 2015 alone, typically calling the Plaintiff three times per day.

14. Defendant specifically used an automated telephone dialing system and prerecorded messages to call the Plaintiff on her cell phone on September 27, 29 and 30, 2015 amongst numerous other dates.

15. The Defendant would frequently leave prerecorded messages on the Plaintiff's cell phone, which would typically repeat in a female robotic voice:

"(electronic music tones) This is Santander Bank, N.A. calling with an important update.  Please have Catrin Glasgow call us at (800)829-0465 by Thursday, December 3rd.  They will be asked to enter personal message code xxxxxxxxx (omitted to protect consumer privacy).  Again, our number is (800)829-0465 and enter personal message code xxxxxxxxx (omitted to protect consumer privacy).  Thank you from Santander Bank.

16. The Plaintiff never gave the Defendant her prior, express permission to call her cell phone via the use of an automated telephone dialing system or prerecorded voice.

17. Plaintiff had no wish to be contacted on her cell phone via the use of an autodialer or prerecorded voice, and expressly directed Defendant to stop calling her cell phone number on numerous occasions.

18. On or about August 11, 2015, the Plaintiff registered her phone number of (201)396-6750 with the Do Not Call Registry

19. On or about August 11, 2015, the Plaintiff further mailed the Defendant a letter via

Certified Mail, wherein the Plaintiff expressly instructed the Defendant not to call her phone number.

20. That Letter was delivered to the Defendant on August 21, 2015.

21. Defendant refused to cease calling the Plaintiff's cellular phone, and continued to call the Plaintiff's cellular phone via the use of an automated telephone dialing system and prerecorded voice.

22. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

23. The Defendant therefore willfully violated the TCPA hundreds of times by placing autodialled calls and prerecorded messages to the Plaintiff's cell phone without her prior, express consent and after she expressly instructed the Defendant to cease calling her.

24. Plaintiff has suffered actual damages because the Defendant's calls to her cell phone unnecessarily reduced the number of minutes she is allotted per month in her cell phone plan, which has limited minutes as a part of her cellular rate plan.

25. As a direct result of Defendant's placement of calls to Plaintiff, Plaintiff was further deprived of her use of her cellular phone during the times that the Defendant was calling her phone.

26. Plaintiff utilizes her cellular phone for her consulting business and has missed a number of critical calls from new clients as her cellular phone was occupied during

the time that the Defendant was calling her cellphone. Plaintiff's clients were further unable to leave voicemails for the Plaintiff, as the Defendant's incessant voicemails would fill up the Plaintiff's voicemail inbox to capacity.

27. Defendant's communication efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

28. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

### DEMAND FOR TRIAL BY JURY

29. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants as follows:

    A. For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all calls placed to the Plaintiff's cellular phone;

    B. Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiff per call, in accordance with the TCPA, for the Defendant's willful violations of the TCPA;

    C. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  February 24, 2016

                        Respectfully submitted,

By: /s/ Yitzchak Zelman
Yitzchak Zelman, Esq. (YZ5857)
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone:     (732) 695-3282
Facsimile: (732) 298-6256
Attorney for Plaintiff